IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CLINICAL REFERENCE LABORATORY, INC., ) ) ) Plaintiff, ) ) v. ) ) SALUGEN BIOSCIENCES, INC., ) et al., ) ) Defendants. ) _____ ) | CIVIL ACTION No. 12-2768-KHV |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on <u>Defendants' Motion To Set Aside Clerk's Entries of Default And Motion For Leave To File Answer</u> (Doc. #11) filed February 5, 2013, by Salugen Biosciences, Inc. and Proove Biosciences, Inc. For reasons stated below, the Court finds that the motions should be sustained.

### **Procedural Background**

On December 7, 2012, plaintiff filed a complaint alleging breach of contract. On December 18 and 19, 2012, plaintiff executed a return of service on the registered agent for Proove and Salugen, respectively. <u>See</u> Docs. #4, 5. Neither defendant timely filed an answer or otherwise responded.

On January 3, 2013, plaintiff applied for a clerk's entry of default under Rule 55(a), Fed. R. Civ. P. <u>Plaintiff Clinical Reference Laboratory, Inc.'s Application For Entry Of Default Judgment</u> (Doc. #6). On January 7, 2013, pursuant to Rule 55(a), the Clerk entered default against both defendants. <u>Clerk's Entry of Default</u> (Doc. #7). On January 16, 2013, plaintiff filed an <u>Application For Clerk's Entry Of Default Judgment Amended</u> (Doc. #8). That same day, the Clerk entered an

Amended Clerk's Entry of Default []. Doc. #9.

Brian Meshkin, president of Proove, avers as follows: On January 17, 2013, Proove's registered agent, LegalZoom, notified Meshkin that the Clerk had entered default in this case. Affidavit Of Brian Meshkin (Doc. #11-1) filed February 5, 2013, at 3. Until January 17, 2013, Meshkin had not received any court documents in this case. He contacted the Clerk and requested copies of the court documents.[1] On January 22, 2013, Meshkin received the documents and "promptly" consulted counsel to arrange a response to the entry of default. On February 5, 2013, defendants filed the motion to set aside the entry of default.

## Analysis

### I. Motion To Set Aside Entry Of Default

Under Rule 55(c), the Court may set aside an entry of default "for good cause." Fed. R. Civ. P. 55(c). The Court applies the same considerations when deciding whether to set aside an entry of default or a default judgment, but it applies them more liberally when reviewing an entry of default. See Berthelsen v. Kane, 907 F.2d 617, 620 (6th Cir. 1990). The good cause required by Rule 55(c) poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Rule 60(b). See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 775 n.6 (10th Cir. 1997). In determining whether defendants have shown good cause, the Court considers the following factors: (1) whether the default resulted

---

[1] Meshkin states that the summons and complaint list old addresses for defendants, even though he had provided plaintiff the current address for Proove. Meshkin states that he believes that plaintiff "knowingly and intentionally used incorrect, outdated addresses in the caption of the Complaint, in an effort to delay delivery of the papers to Proove and thereby place Proove in a vulnerable position vis a vis timely defending against the allegations." Affidavit (Doc. #11-1) at 3. Meshkin also states that Salugen no longer exists as a separate entity. Absent a proper motion, however, the Court does not address whether Salugen is a proper party at this time.

from culpable conduct by defendants; (2) whether plaintiff would be prejudiced if the Court sets aside the default; and (3) whether defendants have presented a meritorious defense. See id. These factors are not "talismanic" and the Court may consider other factors. Morrow v. Bank of Am, No. 12-cv-00671-WYD-MJW, 2013 WL 275534, at *2 (D. Colo. Jan. 24, 2013) (quoting Hunt v. Ford Motor Co., No. 94-3054, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995)). The standard for setting aside an entry of default under Rule 55(c) is fairly liberal because the preferred disposition of any case is upon its merits and not by default judgment. Gulley v. Orr, 905 F.2d 1383, 1386 (10th Cir. 1990) (citing Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970)).

The first factor, i.e. whether the default resulted from culpable conduct by defendants, weighs against setting aside the default. Defendants' conduct is considered culpable if they have defaulted willfully or have no excuse for the default. United States v. Timbers Preserve, Routt Cnty., Colo., 999 F.2d 452, 454 (10th Cir. 1993). Defendants assert that they did not timely appear and defend because prior to the entry of default, they did not receive information about the lawsuit from the resident agent. Plaintiff points to records from LegalZoom, however, that on December 11, 2012, LegalZoom sent Meshkin an email regarding "documents received on your behalf," and at "customer" request, LegalZoom then mailed the documents to a different address than the one on file. Plaintiff also points to correspondence in late 2012 between Meshkin and plaintiff's CEO which indicate that plaintiff told Meshkin that it intended to file suit to recover money which defendants owed under a contractual agreement with plaintiff.

The second factor, i.e. whether plaintiff would be prejudiced if the Court sets aside the default, weighs in favor of defendants. Plaintiff filed the case on December 7, 2012, and the Clerk entered default on January 16, 2013. Defendants filed the motion to set aside the default on

February 5, 2013. Doc. #9. Although plaintiff asserts prejudice, this Court has found no prejudice in cases involving similar delays. See, e.g., Topolski v. Chris Leef Gen. Agency Inc., No. 11-2495, 2011 WL 5921167, at *2 (D. Kan. Nov. 28, 2011) (no prejudice from 12 day delay); Alsbrooks v. Collecto, Inc., No. 10–2271, 2010 WL 4067145, at *2 (D. Kan. Oct. 15, 2010) (plaintiff not seriously prejudiced where defendant filed motion to set aside default 21 days after entry of default; delays of two months "relatively innocuous").

The third factor, i.e. whether defendants have presented a meritorious defense, also weighs in favor of setting aside the default. Defendants' proposed answer asserts meritorious defenses. See Defendant's [Proposed] Answer To Complaint On Account And Breach Of Contract (Doc. #11-3) filed February 5, 2013 (plaintiff barred from recovery because of material breach; equitable doctrines of unclean hands, waiver, laches and lack of consideration).

Weighing the above factors, the Court finds that defendants have established good cause to set aside the entry of fault. See Gomes, 420 F.2d at 1366 (preferred disposition is on merits and not by default judgment).

**II.     Motion to file Answer Out Of Time**

Defendants seek leave to file an answer out of time. Rule 6(b)(1)(B), Fed. R. Civ. P., provides in part as follows: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Neither party addresses the excusable neglect standard; rather, they appear to assume that the lower "good cause" standard applies. To determine whether neglect is excusable, the Court considers (1) the danger of prejudice to the opposing party, (2) the length of delay caused by the neglect and its impact on judicial proceedings, (3) the reason for delay

and whether it was in the reasonable control of the moving party and (4) the existence of good faith on the part of the moving party. Hamilton v. Water Whole Int'l. Corp., 302 Fed. Appx. 789, 798 (10th Cir. 2008) (citing United States v. Torres, 372 F.3d 1159, 1162 (10th Cir. 2004)). The reason for delay is an important, if not the most important, factor in this analysis. Id. (citing Torres, 372 F.3d at 1163).

### A. Prejudice To Plaintiff

A little over one month passed between December 31, 2012 – the date the answer was due – and February 5, 2013 – the date that defendants filed their motion to file an answer out of time. Plaintiff asserts that it will be prejudiced by the delay because it will be forced to postpone pursuit of its claims, and that due to the delay, defendants will have fewer assets to satisfy a judgment. This is true in all cases, however, and without more, the Court finds that plaintiff has not shown that it will be prejudiced. This factor therefore weighs in favor of defendants.

### B. Length Of Delay And Impact On Judicial Proceedings

As noted, the delay in this case was a little over one month, which courts have generally found to favor the party seeking leave to file out of time. See Welch v. Centex Home Equity Co., No. 03-2132-JWL-DJW, 2004 WL 2348295, at *1 (D. Kan. Apr. 23, 2004) (two month delay between original answer deadline and plaintiff's request for leave to file answer out of time "relatively innocuous"). Plaintiff has not shown that this delay will impact judicial proceedings, and the Court finds that because no scheduling order has been entered, this relatively short delay will have minimal impact. This factor therefore weighs in favor of defendants.

### C. Reason For The Delay And Whether It Was In Defendants' Control

Defendants appear to assert that error by their registered agent caused the default, and that

the error constitutes excusable neglect. Numerous opinions, some difficult to reconcile, address the application of "excusable neglect" across various rules and statutes. Espy v. Mformation Techs., No. 09-2211-EFM, 2009 WL 2912506, at *11 (D. Kan. Sept. 9, 2009) (collecting cases). Courts tend to forgive missed deadlines caused by clerical calendaring errors, mathematical miscalculations of deadlines and mishandling of documents. See, e.g., Brown v. Fisher, 251 Fed. Appx. 527, 533 (10th Cir. 2007) (excusable neglect where complaint delivered to administrative assistant not authorized to accept on defendant's behalf); Hancock v. City of Okla. City, 857 F.2d 1394, 1396 (10th Cir. 1988) (district court abused discretion in finding no excusable neglect where counsel overlooked summary judgment motion delivered in stack of other documents); Espy, 2009 WL 2912506, at *11 (excusable neglect when paralegal did not check certificate of service for admission requests delivered by hand and erroneously added three days when calendaring response deadline); see also Law v. Bd. of Trs. of Dodge City Cmty. Coll., 08-1212-JTM-DWB, 2008 WL 5120037, at *2 (D. Kan. Nov. 26, 2008) (excusable neglect, barely, when counsel timely dictated discovery responses which were not timely typed because of staffing issues); Akright v. Flex Fin. Holding Co., No. 08-2038-CM-GLR, 2008 WL 1958345, at *2 (D. Kan. May 2, 2008) (allowing answer out of time when defendant failed to answer because it believed insurance carrier had secured legal representation).

In contrast, courts are less likely to find excusable neglect where counsel misconstrues or misinterprets the rules or law or makes poor tactical choices. See Sizemore v. State of N.M. Dep't of Labor, 182 Fed. Appx. 848, 852-53 (10th Cir. 2006) (no excusable neglect where counsel ignored deadline, erroneously relied on Rule 6 to calculate deadline, and failed to seek extension immediately upon receiving defendant's motion); Ghamrawi v. Case & Assocs. Props. Inc., 116 Fed.

Appx. 206, 210 (10th Cir. 2004) (no excusable neglect where counsel simply disregarded deadline because of workload); Almond v. Unified Sch. Dist. No. 501, No. 07-4064-JAR, 2008 WL 1773863, at *4 (D. Kan. Apr. 16, 2008) (no excusable neglect where counsel did not explain error in calculating response date and missed deadline because of press of business); but see Sloan v. Overton, 08-2571-JAR, 2010 WL 398108, at *8 (D. Kan. Jan. 25, 2010) (excusable neglect where counsel believed appointment of special administrator to receive service of process was legally sufficient to effect substitution).

Here, defendants suggest that either the registered agent or defendants' employees mishandled the complaint and that the error falls within the category of "excusable neglect." Factually, such errors would most closely parallel the mistake in Hancock, where counsel overlooked a motion for summary judgment which she received with other documents. Hancock, 857 F.2d at 1395-96. Plaintiff, however, notes that after the registered agent sent Meshkin an email regarding "documents received on your behalf," defendant requested that the agent mail the documents to a different address than the one on file. Plaintiff thus appears to suggest, but has not proven, that defendants intentionally asked the agent to misdirect the complaint. Accordingly, the Court finds that this factor does not weigh strongly in favor of either party.

D.      Whether Movant Acted In Good Faith

Meshkin states that defendants' actions were all in good faith, that they failed to respond to the complaint because management did not receive it, and that upon learning of the entry of default, defendants acted promptly to respond. Plaintiff argues that defendants acted in bad faith, based on the fact that after accepting service on behalf of defendants, the registered agent immediately sent Meshkin an email regarding "documents received on your behalf." Plaintiff also points to

correspondence in late 2012 between Meshkin and plaintiff's CEO in which plaintiff indicated that it intended to file suit against defendants. Plaintiffs thus would suggest that defendants acted in bad faith to delay these proceedings. Certainly these facts support a finding of bad faith, although they do not compel such a conclusion. The Court finds that this factor favors plaintiff.

Although this is a close case, weighing all of the above factors, the Court finds that defendants have shown excusable neglect. The Court therefore sustains the motion for leave to file an amended answer out of time.

**IT IS THEREFORE ORDERED** that <u>Defendants' Motion To Set Aside Clerk's Entries of Default And Motion For Leave To File Answer</u> (Doc. #11) filed February 5, 2013, by Salugen Biosciences, Inc. and Proove Biosciences, Inc. be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that the default entered by the Clerk of the Court on January 7, 2013 (Doc. #7) and the amended default entered by the Clerk of the Court on January 16, 2013 (Doc. #9) be and hereby are **SET ASIDE** pursuant to Fed. R. Civ. P. 55(c).

**IT IS FURTHER ORDERED** that defendants shall file the proposed answer on or before May 3, 2013.

Dated this 29th day of April, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
